**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Case No. CR-11-47-M |
| | ) | (CIV-13-598-M) |
| ROBERT DWAYNE WRIGHT, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**ORDER**

Defendant-Movant Robert Dwayne Wright ("Wright"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") on June 7, 2013. On August 22, 2013, plaintiff-respondent United States of America filed its response to Wright's Motion, and on September 18, 2013, Wright filed his reply. Based on the parties' submissions, and testimony heard and evidence presented at an evidentiary hearing held on April 22, 2014, the Court makes its determination.

I.  Background

On March 31, 2005, Wright pled guilty to possessing a firearm pursuant to 18 U.S.C. § 922(g)(1), and on July 29, 2005, was sentenced to a term of seventy-eight (78) months of imprisonment and three (3) years of supervised release. On July 31, 2011, Wright was involved in an altercation in which Wright claims he had to defend himself from being attacked. As a result of the altercation, Wright was arrested by the Oklahoma City Police Department and charged with assault and battery with a deadly weapon. Due to the arrest, the government filed a petition to revoke Wright's supervised release.

On August 19, 2011, after further investigation, the government amended its petition alleging Wright violated the conditions of his supervised release by: (1) committing another

1

federal, state, or local crime, (2) failing to follow instructions of the probation officer, (3) associating with a person convicted of a felony, and (4) consuming excessive amount of alcohol. *See* Amended Petition for Warrant or Summons for Offender Under Supervision [docket no. 12]. Wright received several continuances for his revocation hearing to allow for the state prosecution to proceed. Through a series of conversations that took place from September 10, 2012 to October 24, 2012 between Wright, his state attorney, Mike Arnett, and his Federal Public Defender, William Earley, Wright decided to allow "the federal supervised release proceeding to be resolved without further delay." Gov't Resp. Affidavit of William P. Earley [docket no. 38-1] at 3.

As a result of Wright's decision, the final revocation hearing was held November 20, 2012. At the hearing, Wright stipulated that "the Government could prove by preponderance of evidence the violations alleged in the amended petition." *Id*. Wright was sentenced to twenty-four (24) months of imprisonment and one year (1) of supervised release.

On June 7, 2013, Wright filed a motion to vacate, and on January 28, 2014, this Court entered an Order finding that an evidentiary hearing was required on Wright's second ground for relief in his Motion. The Court held an evidentiary hearing on April 22, 2014, and heard testimony from Wright and Wright's former attorney, Federal Public Defender, William Earley.

II.     Discussion

As grounds for his § 2255 motion, Wright asserts ineffective assistance of counsel. Specifically, Wright asserts that Mr. Earley was ineffective because (1) he did not advance a self-defense theory as to Count 1 of the Amended Petition at Wright's revocation hearing, and (2) he did not file a notice of appeal to perfect an appeal as Wright requested after the revocation hearing. The government asserts that "even if [Wright's] claims are valid, his request must be

denied because the other violations were sufficient to justify revocation and the sentence imposed." Gov't Resp. at 1. Further, in his affidavit attached to the government's Response, Mr. Earley denies being instructed to file an appeal by Wright.

To prevail on a claim of ineffective assistance of counsel, Wright must first show:

> [H]is counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998). *See also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Wright bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id.* at 690. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### A. First Ground for Relief

Wright claims Mr. Earley's assistance was ineffective because Mr. Earley did not tell Wright the government's burden of proof with respect to his self-defense claim and advance the theory of self-defense at the revocation hearing as to Count 1 of the Amended Petition. Wright contends that, "Once a defendant makes a self-defense claim, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense." Movant's Motion at 5. *See*

3

*also United States v. Woods*, 59 F. App'x. 319, 325 (10th Cir. 2003). Wright asserts that his admission to Count 1 of the Amended Petition at the revocation hearing would have been "less freely given had he known the Government was required to prove he didn't act in self-defense." Movant's Motion at 6.

In his affidavit, Mr. Earley states that:

> I did not "push" Mr. Wright to plead guilty to the supervised release allegations. In fact, Mr. Wright did not "plead guilty" to the supervised release violations. Mr. Wright merely stipulated the government could prove the violations alleged. He did not admit the violations because an admission could be used against him in the pending state court matter. The stipulation was entered to avoid an admission to the conduct underlying the pending state charge and at the same time allow a resolution of the pending revocation proceeding.

Gov't Resp. Affidavit of William P. Earley at 3. Further as to Mr. Earley's strategy for not advancing the self-defense theory at the revocation hearing, he explains that:

> If Mr. Wright wanted to contest the supervised release allegations through the presentation of a self-defense theory, I would have advised Mr. Wright to continue the supervised release hearing until such a theory was presented to a jury in the state court case. In fact, that is the course we took for well over a year before Mr. Wright decided he wanted the federal case resolved before the disposition of the state case. . . . I would have been ineffective had I advised Mr. Wright to waive his Fifth Amendment privilege and testify in the federal supervised release hearing while the state charges remained unresolved. It was under these circumstances that the supervised release proceeding was resolved by stipulation.

*Id*. at 3, 4.

In his affidavit, Mr. Earley further states that "under federal and Oklahoma law it is incumbent on the defendant to first present evidence of self-defense before the burden is placed on the government to establish the defendant did not act in self-defense." *Id.* at 3 (internal citations omitted). The government also contends that Wright's assertion of the government's burden of proof in a revocation hearing is false. "The burden of proof during a revocation

hearing is by a preponderance of the evidence, not beyond a reasonable doubt." *Johnson v. United States*, 529 U.S. 694, 700 (2000). *See also Yates v. United States*, 308 F.2d 737, 739 (10th Cir. 1962) ("The evidence and facts need only 'reasonably satisfy' the judge that the defendant has violated the conditions of his supervised release.").

Having carefully reviewed the parties' submissions, the Court finds that Mr. Earley's strategy for not advancing the self-defense theory at the revocation hearing was not constitutionally deficient. It was objectively reasonable for Mr. Earley to protect his client in advising him to only stipulate that the government could prove the violations in the Amended Petition. Further, the Court finds that since the remaining violations in the Amended Petition were sufficient to justify revocation and sentencing, Wright cannot show a reasonable probability that the outcome would have been different but for Mr. Earley's alleged errors. Accordingly, the Court finds that Mr. Earley was not ineffective.

B.     Second Ground for Relief

In his second ground for relief, Wright asserts that Mr. Earley was ineffective for failing to file a notice of appeal to perfect an appeal as Wright requested after the revocation hearing. "[A] defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise. The proper remedy is a resentencing to enable defendant to perfect an appeal." *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) (internal quotations and citations omitted). In his motion, Wright contends that "he told Mr. Earley, at his sentencing proceeding, he still wanted to appeal his supervised release violation…a request Mr. Earley ignored." Movant's Motion at 8. Mr. Earley "avers that he was never instructed to appeal this Court's decision and therefore there could never have been the refusal that defendant claims occurred." Gov't Resp. at 7.

5

In his affidavit, Mr. Earley included a letter addressed to Mr. Wright dated December 12, 2012[1] which stated in part:

> Enclosed is a copy of the order revoking supervised release and sentencing you to a term of confinement. After court we discussed your right to appeal this order to the Tenth Circuit Court of Appeals. You have a right to appeal the order. . . . A notice of appeal has to be filed by December 14, 2012.

Gov't Resp. Affidavit of William P. Earley at 6-7. Mr. Earley also states in his affidavit that:

> I also advised Mr. Wright to contact me if he had any questions about the appeal. I recall no contact from Mr. Wright requesting that I pursue an appeal nor do my time records reflect any contact with Mr. Wright concerning an appeal. My file contains no written request from Mr. Wright to appeal.

Gov't Resp. Affidavit of William P. Earley at 4.

Wright testified at the evidentiary hearing that he asked Mr. Earley to appeal his sentence immediately following his November 20, 2013 supervised release revocation hearing in the courtroom. Mr. Earley testified that, at the conclusion of Wright's supervised release revocation hearing, he, along with Wright and Wright's state court attorney, Mike Arnett, in the courtroom, discussed the impact the federal sentence would have on Wright's state court case, and that Mr. Earley, at the time, had some concerns about an issue with the sentencing that may have warranted an appeal, but he needed to do some further research on that issue. Mr. Earley further

---

[1] In his affidavit Mr. Earley explains that:
> The letter is dated December 12, 2012. The word processor "properties" reflect this letter was accessed Monday December 3, 2012, at 2:42:28 P.M. Counsel's time sheet for December 3, 2012, indicates he wrote the letter on December 3, 2012, and sent the letter that day to Mr. Wright with a copy of the Judgment and Commitment Order entered November 30, 2012. Counsel cannot explain the discrepancy between the date of the letter and his time sheets.

Gov't Resp. Affidavit of William P. Earley at 4 n. 2.

testified that, after doing the research, he found there was no legitimate basis for an appeal on the issue about which he was concerned.

Having carefully reviewed the parties' submissions, and having heard the testimony of Wright and Mr. Earley, and having considered the evidence submitted at the evidentiary hearing, the Court finds that Wright has failed to prove he specifically asked Mr. Earley for an appeal after the supervised release revocation hearing on November 20, 2013. The Court finds Mr. Earley's testimony was more credible. Specifically, the Court finds Mr. Earley's testimony that had Wright specifically asked for an appeal he would have made note of it believable. Further, the Court finds the fact that Wright, who at the time was out of custody, failed to follow up on the status of his appeal after he received the letter from Mr. Earley informing Wright he was required to appeal the Court's Order no later than December 14, 2013, is persuasive in showing Wright did not actually ask for an appeal.[2] Accordingly, the Court finds Mr. Earley was not ineffective and no resentencing is warranted in this case.

IV. Conclusion

For the reasons set forth above, the Court DENIES Wright's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [docket no. 28].

**IT IS SO ORDERED this 23rd day of April, 2014.**

*(signed)* Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Wright testified at the evidentiary hearing that he did receive the letter from Mr. Earley.

7